Law Library

**IN THE SUPERIOR COURT OF GUAM**

**SMALL CLAIMS DIVISION**

SUPERIOR COURT
OF GUAM

2 MAY -5 PM 12: 51

CLERK OF COURT

BY:_____

| | |
|---|---|
| ANTHONY C. BLAZ, | ) |
| Plaintiff, | ) **SMALL CLAIMS CASE NO. SD537-12** |
| vs. | ) **DECISION AND ORDER** |
| HORIZON PROPERTIES INC., | ) |
| Defendants. | ) |

**INTRODUCTION**

The matter before the Court came on Plaintiff Anthony C. Blaz ("Plaintiff") claim for refund of a security deposit against Defendant Horizon Properties Inc. ("Defendant"). On September 28, 2012, a trial in this matter was held before the Honorable Benjamin C. Sison, Jr. who took the matter under advisement. Plaintiff appeared through his attorneys, Lujan Aguigui & Perez LLP by Delia S. Lujan Wolff, Esq. and Defendant appeared through their attorneys Berman O'Connor & Mann, by Charles H. McDonald II, Esq. Having reviewed the evidence presented and the applicable law, the Court now issues its Decision and Order.

**DISCUSSION**

Plaintiff and Defendant entered into a Lease Agreement for a one-year term commencing January 1, 2007. As required under the lease, Plaintiff delivered to Defendant a security deposit of One Thousand Five Hundred Dollars ($1500.00). Plaintiff continued in possession of the leased premises beyond December 31, 2007 and no written extension of the Lease Agreement or new leases, were executed by the parties.

On or about March 1, 2012, Plaintiff vacated the leased premises. Prior to vacating the premises on or about March 1, 2012, Plaintiff at trial, testified that sometime in Mid-February 2012, he had verbally notified Defendant of his intention to move out of the leased premises by

the end of February 2012. Plaintiff further claims that on or about the same time he verbally notified Defendant of his intention to move out, he was informed by employees of the Defendant, one who was identified as a maintenance person for the building, that he would receive his security deposit shortly after inspection of Plaintiff's unit. Based on this alleged representation that his security deposit would be returned, Plaintiff vacated the premises as intended. Defendant for its part claims that Plaintiff did not provide adequate written notice terminating the Lease and is entitled therefore to retain the security deposit as last month's rent. Plaintiff countered that had he known his security deposit would not be returned because of his failure to provide the required notice terminating the lease, he would not have vacated the premises on the intended date.

Plaintiff first argues that under 21 GCA § 5101, only the Defendant Landlord is required to provide any notice terminating his tenancy with Defendant and not the tenant. 21 GCA § 5101 provides as follows:

### § 5101. Termination of Estates.

A tenancy or other estate at will, however created, may be terminated by the landlord's giving notice in writing to the tenant, in the manner prescribed by 21108 of this Title, to remove from the premises within a period of not less than thirty (30) days, to be specified in the notice.

Plaintiff's reliance on this provision is misplaced. This provision of Guam Law only applies to tenancies at will. In his own trial statement, Plaintiff admitted that after the expiration of the term provided for under the written lease agreement, his holdover of the premises constituted a month-to-month tenancy.

Plaintiff no doubt fails to note the requirements of 18 GCA § 51106 which provides as follows:

## § 51106. Notice to Quit.

A hiring of real property, for a term not specified by the parties, is deemed to be renewed as stated in the last section, at the end of the term implied by law, unless one of the parties gives notice to the other of his intention to terminate the same, at least as long before the expiration thereof as the term of the hiring itself, not exceeding one month.

It is without question that in order to unilaterally terminate his month-to-month tenancy under Guam Law, Plaintiff had to provide written notice of his intent to do so to Defendant. The Court finds that Plaintiff failed to provide the required thirty (30) day written notice to the Defendant properly terminating the month-to-month tenancy.

In the alternative, Plaintiff asserts that Defendant should be equitably estopped from claiming that Plaintiff did not satisfy the notice requirements properly terminating his month-to-month tenancy with Defendant. Plaintiff claims that he relied on a representation by employees of Defendant informing him that his security deposit would be returned to him soon after his unit was inspected and that if this representation was not made, he would have chosen to remain on the premises for another month. Defendant denies that any of its personnel made any such representation and this Court finds that Plaintiff has not met its burden of proof by preponderance of the evidence that such a representation was made.

Nevertheless, Defendant argues that even such a representation was made, the Doctrine of Equitable Estoppel is inapplicable. The Court finds that even if the doctrine is applicable to the case at bar, one of the requirements under the Doctrine of Equitable Estoppel is that the party asserting estoppel must have reasonably relied on a representation to his detriment. Assuming that Defendant's maintenance personnel made such a representation, it was not reasonable for Plaintiff to rely on such a representation made by Defendant's maintenance personnel concerning his security deposit. Plaintiff lived on the leased premises since 2007. As such, he should have known after five (5) years, as to which of Defendant's employees has the authority to make

decisions regarding the security deposit and other lease matters. Moreover, a maintenance employee certainly doesn't have inherent authority to make decisions concerning security deposits of tenants. Plaintiff has also failed to provide any evidence showing that the employee making the representation was given actual or apparent authority to make such a decision. Accordingly, Plaintiff's claim for the refund of his security deposit is denied.

Defendant requests for attorneys' fees as the prevailing party in this action. The legal authority cited by Defendant for making such a request is contractual, citing Paragraph 22 of the lease agreement. This court finds that such a provision for attorneys' fees is in the parties' lease agreement. Accordingly, Defendant's request for attorneys' fees is granted. Defendant is hereby ordered to provide the court and Plaintiff's counsel with a detailed invoice for legal services and fees incurred in this matter within fourteen (14) days of the date of this order.

**SO ORDERED this _____ day of ____NOV 0 5 2012_____, 2012.**

Original Signed By:
Honorable Benjamin C. Sison Jr.
Traffic/Small Claims Referee

**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

NOV 0 5 2012

Ryan T. Balajadia